## CHICAGO SMELTING & REFINING CO v PERFECTION SMELTING CO

Ohio Appeals, 8th Dist, Cuyahoga Co
No. 10419. Decided December 13, 1929

Mr. Jos. G. Ehrlich, Cleveland, for Chicago Smelting Co.
Mr. N. D. Davis, Cleveland, for Perfection Smelting Co.

**SULLIVAN, J.**

One of the assignments of error is that numerous exhibits were offered in evidence but upon the objection of the defendant, were not admitted. These exhibits are part of the record in the case and are original communications passing from the

plaintiff to defendant in the course of the transaction and concerning the provisions of the agreement and the method by which they came into the record is that during the trial the plaintiff demanded the same from the defendant, and securing them undertook to use them in its own behalf. The ground of the objections which the court sustained to the use of the exhibits is because of the claim that they were self-serving declarations but we do not think this position is tenable for the reason that while they originated with the plaintiff they had passed from its possession into the possession of the defendant and through the instrumentality of the defendant and procedure in open court for the production of the papers the exhibits came into the hands of the plaintiff and in this way it attempted to use them as evidence in the case, but was prevented as above noted by the ruling of the court thereon. It is argued by able counsel for defendant in error that this assignment of error is not prejudicial because evidence of a similar character to that contained in the letters and exhibits, was offered and submitted in the case. This does not, however, change the fact that the plaintiff was entitled to the use of these exhibits in the case because they shed light upon the issues raised by the pleadings and the proof, both as to the material and the provisions of the contract relating thereto, and especially upon the question of the acceptance of the goods. The passing of the exhibits in question out of the possession of plaintiff to the defendant and the return thereof through court procedure, to the plaintiff, and the attempted use thereof, took them out of the class of self-serving declarations and they were not declarations in line with that doctrine, because the real source of the attempted use of the exhibits during the trial were from the defendant instead of plaintiff, and that they were competent if not self-serving, is consistent with the record which shows that proof, verbal, of a similar character, was offered and submitted in the case.

One of the purposes apparently, as it appears from the record, of the introduction of these exhibits, was to show that there had never been an acceptance of the material by the plaintiff and that consequently the plaintiff could not be held because of acceptance. We think therefore that prejudicial error was committed in the denial of this proof.

Upon the assignment of error that the judgment is clearly and manifestly against the weight of the evidence, we deem it unnecessary to pass thereon for the reason that the court below excluded the evidence as to the exhibits and to consider the question of the weight of the evidence becomes immaterial.

Holding these views, the judgment of the lower court is hereby reversed and the cause remanded for further proceedings according to law.

Vickery, PJ., and Levine, J., concur.